UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

GREG JAMES VENTURES LLC,                                      No. 07-11434

Debtor(s).
_____/

Memorandum on Use of Cash Collateral to Pay Prepetition Sales Tax
_____

     The debtor operates a new and used car dealership.  Early in the case, there was considerable wrangling between the debtor and creditor Bank of America over use of the Bank's cash collateral and what ongoing expenses could properly be surcharged to the Bank pursuant to § 506(c) of the Bankruptcy Code.

     On January 11, 2008, the debtor's motion to use the Bank's cash collateral came on for hearing.  The court then understood for the first time that the debtor was seeking to use cash collateral to pay prepetition sales taxes which were in the debtor's general bank account and "swept" by the Bank just prior to the Chapter 11 filing.  The court was not prepared to rule on the issue, as it was concentrating on issues which needed to be resolved in order to keep the debtor operating while in Chapter 11, so it announced to the parties that it would take the issue under submission.  The parties protested that they wanted to brief the issue further, so the court gave them an extra two weeks to file briefs and instructed the parties to call chambers and inform the court when the briefs had been filed and the issue was ready to be decided (1/11/08, 12:14).  The parties filed briefs, but nobody called chambers.  The issue remained in limbo until April 25, when the debtor inquired as to the court's delay in rendering a decision.

Upon reflection, this issue has nothing to do with cash collateral.[1]  The Bank had a security interest in the debtor's bank account.  The bank account allegedly contained sales tax collected from car buyers but not yet paid to the state.  The Bank exercised its right to "sweep" the account. The issue is whether, under California law, the Bank's security interest has priority over the rights of the State.  A secondary issue is whether the debtor has standing to act on behalf of the State.  Pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure, disputes over the priority or extent of a lien must be resolved by adversary proceeding.  Accordingly, insofar as the debtor's motion to use cash collateral seeks a determination that the Bank's security interest is subordinate to the State's right to recover collected sales tax the motion will be denied, without prejudice to an adversary proceeding.

Counsel for the Bank shall submit an appropriate form of order.

Dated:  April 28, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1]The debtor argues that the Bank "must repay [the sales taxes] to their owner, the State of California. The simplest way to accomplish that is, as the Debtor has proposed, to permit the Debtor to make the payments to the State of California directly, from the Bank's cash collateral."  However,  the controlling issue for use of cash collateral is whether the creditor will be adequately protected, not how the cash collateral will be used.  The sales tax issue is therefore a priority issue, not a cash collateral issue.

2