UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

GREG JAMES VENTURES LLC,                                                             No. 07-11434

                              Debtor(s).
_____/

Memorandum on Use of Cash Collateral to Pay for Two Cadillacs
_____

       The debtor operates a new and used car dealership. Prior to bankruptcy, it had a financing arrangement with Bank of America whereby as vehicles were delivered to the debtor by the manufacturer the Bank would wire transfer the purchase price to the manufacturer. The vehicles would then be the Bank's collateral.

       Just prior to bankruptcy, the manufacturer delivered two Cadillacs to the debtor. The Bank did not pay the manufacturer for them. For reasons which become less clear every time the court considers them, the debtor wants leave to use the Bank's cash collateral to pay for the vehicles.

       If the debtor believes the Bank breached its contract by failing to pay for the vehicles, it can bring an appropriate action against the Bank.[1] If there is a dispute as to whether the Bank has a security interest in the Cadillacs, that too can be resolved in appropriate proceedings and, in the meantime, the vehicles can be sold

---

[1] At various times, debtor's counsel has intimated that the Bank breached an agreement with the manufacturer. If that is the case, then the manufacturer would seem to be the proper plaintiff.

1

free and clear of disputed liens and interests pursuant to § 363(f) after an appropriate motion.[2] These matters have *absolutely nothing to do with cash collateral.*

If the debtor had received delivery of two Mars rovers from NASA just before its filing and was obligated to either pay for them or return them, it could seek leave to use the Bank's cash collateral to pay for them even if the Bank was in no way contractually obligated to finance the purchase. The court would probably grant such leave if, for instance, the Bank's collateral far exceeded its secured claim or the debtor demonstrated that it could readily sell the rovers for a profit and in return for using the Bank's cash collateral the Bank would be granted a security interest in the rovers. These are cash collateral issues. The court is not sure what the gobbledegook argued by the debtor is, but if there is a cash collateral issue there the court does not see it.

For the foregoing reasons, the debtor's motion to use cash collateral, to the extent it relates to the two Cadillacs, will be denied without prejudice. Counsel for the Bank shall submit an appropriate form of order.

Dated: April 29, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[2] Debtor's counsel argues that such a motion might be barred by an appellate case. The court makes no ruling on that issue now, but notes that the parties might decide to do what makes economic sense without making a federal case out of the issue. Assuming, of course, that the parties have not already spent more attorneys' fees on the issue than the vehicles are worth.

2